# EXHIBIT A



## DENISE W. MERRILL
### CONNECTICUT SECRETARY OF THE STATE

 

---

## Business Inquiry     🏠 HOME    ❓ HELP

### Business Details

| | | | |
|---|---|---|---|
| Business Name: | **BENCHMARK SENIOR LIVING LLC** | Citizenship/State Inc: | **Foreign/DE** |
| Business ID: | **0565301** | Last Report Filed Year: | **2013** |
| Business Address: | **40 WILLIAM STREET, SUITE 350, WELLESLEY, MA, 02481** | Business Type: | **Foreign Limited Liability Company** |
| Mailing Address: | **40 WILLIAM STREET, SUITE 350, WELLESLEY, MA, 02481** | Business Status: | **Active** |
| Date Inc/Registration: | **Jun 20, 1997** | | |
| Commence Business Date: | **Jun 20, 1997** | | |

### Principals Details

| Name/Title | Business Address | Residence Address |
|---|---|---|
| THOMAS H GRAPE MEMBER | 40 WILLIAM STREET, SUITE 350, WELLESLEY, MA, 02481 | 180 HIGHLAND STREET, WESTON, MA, 02493 |
| BAL CAPITAL MANAGEMENT LLC MEMBER | 40 WILLIAM STREET, SUITE 350, WELLESLEY, MA, 02481 | 40 WILLIAM STREET, SUITE 350, WELLESLEY, MA, 02481 |

### Agent Summary

| | |
|---|---|
| Agent Name | **CORPORATION SERVICE COMPANY** |
| Agent Business Address | **50 WESTON ST, HARTFORD, CT, 06120** |
| Agent Residence Address | **NONE** |

### OTHER ADDRESSES:

Back      View Filing History      View Name History      View Shares

**SUMMONS - CIVIL**

JD-CV-1   Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

*See page 2 for instructions*

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 )503-6800 | MARCH    04, 2 014 <br> Month   Day   Year |

| ☒ Judicial District | G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | | New Haven, | Major: T    Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Schneider Law Firm, LLC | 429698 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 874-0030 | |

| Number of Plaintiffs: 1 | Number of Defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Weinzimmer, Lorraine <br> Address: 111 Walnut Tree Lane, Guilford, CT 06437 | P-01 |
| Additional Plaintiff | Name: <br> Address: | P-02 |
| First Defendant | Name: Benchmark Assisted Living, LLC, K.N.A. Benchmark Senior Living LLC <br> Address: 40 William Street, Suite #350, Wellesley, MA 02481 | D-01 |
| Additional Defendant | Name: Grape, Tom <br> Address: 180 Highland Street, Weston MA; And 220 Boylston Street, Apt. 1518, Boston, MA 02116-3951, c/o Connecticut Secretary of State | D-02 |
| Additional Defendant | Name: Tyburski, Lee A. <br> Address: 28 Robbins Drive, Wethersfield, CT 06109=2021 | D-03 |
| Additional Defendant | Name: <br> Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Name of Person Signing at Left <br> Atty. Daniel H. Schneider | Date signed <br> 1/24/2014 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

A TRUE COPY
ATTEST:
ELIZABETH OSTROWSKI
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | |
|---|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

**I certify I have personal knowledge of the financial responsibility of the Plaintiff and deem it sufficient.**

| Signed *(Official taking recognizance, "X" proper box)* | ☒ Commissioner of the Superior Court <br> ☐ Assistant Clerk | Date <br> 1/24/2014 | Docket Number |
|---|---|---|---|

RETURN DATE: MARCH 11, 2014   : SUPERIOR COURT
                              :
LORRAINE WEINZIMMER,          : JUDICIAL DISTRICT OF NEW HAVEN
          PLAINTIFF;          : AT  NEW HAVEN
                              :
    V.                        :
                              :
BENCHMARK ASSISTED LIVING,    :
LLC., K.N.A. BENCHMARK SENIOR :
LIVING, LLC,                  :
                              :
LEE ANN TYBURSKI,             :
                              :
AND,                          :
                              :
TOM GRAPE.                    :
                              :
          DEFENDANTS.         : JANUARY 24, 2014

## COMPLAINT

1. Plaintiff, Lorraine Weinzimmer, resides at 111 Walnut Tree Lane, Guilford, CT 06437.

2. During times material to this Complaint, Plaintiff, Lorraine Weinzimmer, was employed by Defendant Benchmark Assisted Living, LLC, and its predecessors in interest [Hereinafter collectively referred to as "Benchmark"].

3. Defendant Benchmark, during all times material to this complaint assigned Weinzimmer to, and employed Weinzimmer at its facility called the Village at South Farms, which is located at 645 Saybrook Road, Middletown, CT 06457; where

-1-

Defendants referred to her as the "Director of Programming" of that facility.

4.  Defendant Benchmark Senior Living, LLC, formerly known as Benchmark Assisted Living, LLC, [hereinafter collectively referred to as "Benchmark"] is a Foreign Limited Liability Company, and it does business in Connecticut, where it owns and/or operates some of its Assisted Living Facilities, including The Village at South Farms Saybrook Road, Middletown, CT 06457.

5.  Defendant Tom Grape, is, and was during times material to this Complaint the Chief Executive Officer of Defendant Benchmark, and as such, he is the highest official of Benchmark with ultimate responsibility for payment of its employees' wages, and had ultimate authority to pay and/or withhold from payment Weinzimmer's overtime wages. As such, Grape: a) transacts business in Connecticut within the meaning of Conn. Gen. Stat. sect. 52-59b(a)(1); b) committed tortious acts within the state, within the meaning of Conn. Gen. Stat. sect. 52-59b(a)(2); c) committed torts outside Connecticut injuring Weinzimmer in Connecticut through conduct of himself and/or his agent whereby he regularly does

or solicits business and/or engages in other persistent

course of conduct in Connecticut, and/or derives substantial

revenue from services rendered in Connecticut, and/or expects

and/or should reasonably expect that his conduct would have

consequences in Connecticut and derives substantial revenue

from interstate and/or foreign commerce within the meaning of

Conn. Gen. Stat. sect. 52-59b(a)(3)   Therefore, Grape has

consented to service by service upon the Connecticut

Secretary of State within the meaning of Conn. Gen. Stat.

sect. 52-59b(c).

6. Defendant Grape resides at 180 Highland Street, Weston, MA,

   02493, and/or 220 Boylston Street, Apt. 1518, Boston, MA

   02116-3951.

7. Defendant Lee Ann Tyburski, was during times material to this

   Complaint the executive Director at Defendant Benchmark's

   facility in Middletown, CT, and she resides at 28 Robbins

   Drive, Wethersfield, CT 06109-2021.

8. Tyburski was the highest authority during times material to

   this Complaint at Defendant Benchmark's Middletown Facility,

   and in such capacity she had authority to pay and withhold

from payment Weinzimmer's overtime compensation, and to cause and/or allow her to work, as charged herein.

9. On or about August 7, 2013, Weinzimmer filed a wage claim with the Connecticut Department of Labor [hereinafter "DOL"], charging Benchmark with violating Connecticut Wage and hour law, as charged herein; and this wage claim tolls applicable statues of limitations for the filing of Weinzimmer's wage and hour claim in Court pursuant to Conn. Gen. Stat. sect. 52-596.

10. Although Benchmark, during its employment of her, referred to Weinzimmer as a "Director of Programing"; in fact Weinzimmer's primary job duty for Benchmark during all times material to this Complaint were to directly provide hands on recreational therapy to clients of Benchmark's facility in Middletown, Connecticut.

11. For each week material to this Complaint, on average, Weinzimmer spent at least 80% of her work week devoted to the personal hands on provision of recreational activities to Benchmark's clients at its Middletown, Connecticut facility, of the same nature as that provided by recreational therapist at a traditional nursing home; which provision of services ·

does not require a 4 year college degree and/or regular course of professional training.

12. Weinzimmer's work in her employment at Benchmark regularly included such tasks as: a) the transporting of clients within and without the facility; b) the giving tours at the facility; c) the making of calls to potential customers of the facility; d) the preparing of calendars for residents showing monthly activities available at the facility; e) personally buying and picking up supplies for recreational activities; and e) directly engaging in recreational activities with residents on a regular basis; f) taking attendance of residents attending recreational activities; and g) manually setting up rooms and decorating the rooms for events.

13. Benchmark referred to Weinzimmer as an hourly employee in the payroll designation contained in her personnel file.

14. On Weinzimmer's job description, Benchmark did not refer to Weinzimmer's job description as being exempt from overtime compensation under the FLSA, but instead stated in reference thereto, to "Contact HR."

15. Defendant Benchmark admitted in its February 2013 performance review of Weinzimmer that she bore "the brunt of the work load most of the time" in recreation department, and worked "long hours."

16. Further, Benchmark and Tyburski admit that Weinzimmer's employment with Benchmark was non-exempt from federal and state overtime requirements, as in an Answer filed with the Connecticut Commission of Human Rights and Opportunities regarding another complaint Weinzimmer maintains against Benchmark and Tyburski, these Defendants admit that Weinzimmer's position with Benchmark was "salaried, non-exempt;" necessarily implying that Weinzimmer's position with Benchmark was non-exempt from Connecticut Wage and Hour Law, and the Fair Labor Standard's Act's overtime requirements.

17. Benchmark expected Weinzimmer to regular work over 40 hours in a week, but insisted to her that it considered Weinzimmer to be a "manager," and as such expected her to work in excess of hour hours per week on a regular basis without additional compensation for such overtime.

18. On a few occasions Benchmark's payroll system paid Weinzimmer some overtime compensation, of an insignificant amount as

-6-

compared to the amount of time that Defendants caused and/or
allowed Weinzimmer to work, but then Benchmark's payroll
system appeared to hide the fact that it had paid her any
overtime compensation, as on at least one occasion an
overtime payment made to Weinzimmer in one week was
characterized in at least one subsequent week, in the total
payment for the year box as "other earnings," with no
overtime compensation shown as paid.

19. For certain weeks material to this Complaint, after
Weinzimmer had worked hours days early in a week; Tybulski
informed Weinzimmer that Weinzimmer could not take "comp"
time off later that week because she was needed at the
facility; even though this caused Weinzimmer to work over 40
hours in the week without receiving additional compensation
for such overtime.

20. In 2013, Defendants did not pay Weinzimmer any overtime
compensation, although for weeks material to this Complaint
she continued working more than 40 hours per week.

21. During times material to this Complaint, Benchmark's on site
business manager for Weinzimmer's location ordered Weinzimmer
to falsely state on timesheets that she only worked 40 hours

-7-

per week, even as Defendants caused and/or allowed Weinzimmer
to work many additional hours per week "off the clock."

22. Even after Weinzimmer complained and refused to provide false
information on such timesheets, Benchmark's business manager
would continue to pressure Weinzimmer to engage in this
practice.

23. On occasion when Weinzimmer submitted timesheets that
accurately provided the number of hours that Defendants
caused and/or allowed her to work, Benchmark still failed to
pay her the proper amount of overtime compensation for the
hours worked; and thus Defendants failed to maintain proper
wage and hour records for all hours that they caused and/or
allowed Weinzimmer to work.

24. When Weinzimmer complained during times material to this
Complaint that Benchmark was having her work excessive hours,
Benchmark and Tyburski falsely accused her of threatening to
go to the Connecticut Department of Labor to gain an
"advantage" in an employment dispute; although in fact,
Weinzimmer had not so threatened Benchmark with going to the
Department of Labor at that time.

25. During times material to this Complaint, Benchmark knew that it was not properly compensating Weinzimmer under Connecticut and Federal Wage and Hour Law for all hours worked, including at a rate of time and one-half her regular hourly rate for all hours worked over 40 hours in a week, as an employee not exempt from Connecticut and Federal wage and hour law.

26. On information and belief, Defendants Grape and Tyburski knew and/or should have known that Benchmark failed to properly compensate Weinzimmer as a non-exempt employee under Connecticut and Federal Wage and Hour law, for all hours worked, including at a rate of time and one-half her regular hourly rate for all hours worked over 40 hours in a week.

27. Commencing on or about Weinzimmer's January 1, 2008, and continuing through on or about May 28, 2013, Weinzimmer worked, on average, approximately, 55 hours per week, but Benchmark failed to compensate Weinzimmer for all hours worked, including by failing to pay her time and one-half her regular hourly rate for all hours worked over 40 in a week; and nor did it appear to maintain accurate records regarding the number of hours that Weinzimmer worked (as it had her falsely state on certain time sheets that she only worked 40

hours in a week when it knew or should have known that this was not the case; and it did not track Weinzimmer's time at work by use of a time clock).

28. Benchmark's regular rate of pay for Weinzimmer during times material to this Complaint was $24.91 per hour (yielding a proper overtime rate of: $37.37), until March 1, 2013, when Benchmark increased her rate of pay to 25.66 per hour (yielding a proper overtime rate of: $38.49).

29. Thus, during times material to this Complaint, from January 1, 2008, and continuing through on or about May 28, 2013, Benchmark failed to pay Weinzimmer time and one-half her regular rate of pay for all hours worked over 40 per week.

30. Thus, during times material to this Complaint, from January 1, 2008, and continuing through on or about May 28, 2013, Grape and Tyburski were the ultimate persons in charge of ensuring that Benchmark paid Weinzimmer her full and proper wages, and/or caused and/or allowed Benchmark, their employer, to fail to properly pay Weinzimmer time and one-half her regular rate of pay for all hours worked over 40 per week.

**CAUSES OF ACTION**

**COUNT ONE: (VIOLATION OF THE CONNECTICUT WAGE AND HOUR LAWS, AGAINST ALL DEFENDANTS, CONN. GEN. STAT. SECT. 31-58, ET SEQ.)**

31. Defendants authorized, expected, and permitted Weinzimmer to work more than forty hours per week during weeks material to this Complaint without compensating her at one and one-half times her hourly rate for all hours worked over 40 hours in a week; and in fact, without providing her with proper additional overtime wages, as required by Connecticut law.

32. Since Defendants Grape and/or Tyburski were the individuals with the ultimate responsible authority and/or responsibilities to set the hours of employment and to pay Weinzimmer her wages; Defendants Grape and Tyburski are individually liable to Weinzimmer for Weinzimmer's unpaid wages, including overtime wages.

33. Defendants have not paid Weinzimmer for all her hours of work over 40 hours during the weeks referred to herein, although the Defendants owe her compensation at one and one-half her hourly rate; and thus Defendants violated Weinzimmer's rights found in Conn. Gen. Stat. secs. 31-60, 31-68, 31-71b, 31-71d, 31-72, and 31-76c.

34. Defendants have not paid Weinzimmer for all hours she worked in the weeks referred to herein, in violation of Conn. Gen. Stat. secs. 31-71b and 31-72.

35. Defendants' actions in failing to properly compensate Weinzimmer for all wages due, including overtime wages due at one and one-half her regularly hourly rate, under Connecticut Wage and Hour law, as stated above, was in bad faith, arbitrary and/or unreasonable, and thus Defendants are also liable for liquidated damages and attorneys' fees under Connecticut law.

36. Therefore, pursuant to Conn. Gen. Stat. Section 31-72, Weinzimmer demands, and this Court should award: a) the full amount of unpaid wages and/or overtime wages due for each weak of Weinzimmer's employment; b) an additional amount, against each Defendant, equal to the full amount of unpaid wages and overtime wages due, as liquidated damages under Conn. Gen. Stat. sect. 72 for Defendants' bad faith, arbitrary, and/or unreasonable failure to properly pay Weinzimmer for all overtime caused and/or allowed to be worked; c) prejudgment interest for money wrongly withheld and/or for unpaid wages and overtime wages wrongfully

withheld, in accordance with Conn. Gen. stat. sects. 31-72
and 31-265, and/or 37-1; d) attorneys' fees under Conn. Gen.
Stat. sect. 31-72, for Defendants' bad faith, arbitrary,
and/or unreasonable failure to properly pay Weinzimmer for
all wages and/or overtime wages due for work that they
caused and/or allowed to be worked; e) costs; and f) an
award of post judgment interest pursuant to Conn. Gen. Stat.
sect. 37-3a.

## COUNT TWO: (VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT – FLSA BY DEFENDANTS)

1. Paragraph 1 to 30 of Count One is incorporated by reference
   into Count Two as paragraphs 2 through 31 of Count Two.

32. Benchmark is an employer under the Federal Fair Labor
    Standards Act [FLSA], 29 U.S.C. sect. 203(d); and it engages
    in interstate commerce as defined by 29 U.S.C. sect. 203(b)
    and (s).

33. Benchmark constitutes an enterprise engaged in interstate
    commerce under the Fair Labor Standards Act as it is: a) an
    enterprise whose annual gross volume of sales and/or
    business done is not less than $500,000, exclusive of excise
    taxes at the retail level separately stated; b) it is
    engaged in the operation of institutions primarily engaged

in the care of the sick, aged and/or mentally ill or
defective or reside upon its premises; and/or c) it has
employees handling goods or material that have been moved in
or produced for interstate commence by any person.

34. Grape is an employer under the Fair Labor Standards Act, 29
U.S.C. sect. 203(d), as he acts directly and/or indirectly
in the interest of Benchmark as its Chief Executive Officer
during times material to this Complaint.

35. Tyburski is an employer under the Fair Labor Standards Act,
29 U.S.C. sect. 203(d), ash she acts directory and/or
indirectly in the interest of Benchmark, as the Executive
Director and highest official of its Middletown Connecticut
facility during times material to this Complaint.

36. Weinzimmer was an employee of Benchmark under the FLSA
during all times material to this Complaint, as defined by
29 U.S.C. sect. 203(e).

37. Defendants, while Benchmark was an enterprise engaged in
interstate commerce, as defined by the Fair Labor Standards
Act, and/or while Weinzimmer was employed engaged in
interstate commerce, as defined by the Fair Labor Standards
Act; caused, permitted, and/or suffered Weinzimmer to work

more than 40 hours in a week during times material to this
Complaint, without paying her one and one-half her regular
rate of pay for all hours worked over 40 for the weeks
material to this Complaint in violation of 29 U.S.C. sect.
207(a)(1).

38. Defendants' engagement in their violation of the Fair Labor
Standards Act was wilful, allowing Weinzimmer to recover,
under 29 U.S.C. sect. 255(a) for unpaid wages and overtime
wages for a period of three years from the filing of this
Complaint.

39. Defendants are liable to Weinzimmer for the unpaid overtime
compensation that they did not pay Weinzimmer and/or caused
not to be paid to Weinzimmer pursuant to 29 U.S.C. sect.
216(b).

40. Defendants are further each liable for an additional amount
of liquidated damages in the amount equal to the unpaid
overtime owed Weinzimmer under 29 U.S.C. sect. 216(b).

41. Defendants are further liable to Weinzimmer for her
reasonable attorneys' fees and the costs of this action
pursuant to 29 U.S.C. sect. 216(b).

42. This Court should further award pre and post judgment

    interest against Defendants under Conn. Gen. Stat. sects.

    37-1 and 3a, for Defendants' violation of the FLSA.

**COUNT THREE: (BREACH OF IMPLIED CONTRACT BY BENCHMARK TO PAY
OVERTIME COMPENSATION AT TIME AND ONE HALF OF WEINZIMMER'S
REGULAR HOURLY RATE)**

1.  Paragraph 1 to 30 of Count One is incorporated by reference

    into Count Three as paragraphs 2 through 31 of Count Three.

32. During and before Weinzimmer's employment with Benchmark, it

    propagated policies, practices, and procedures that

    indicating it would pay Weinzimmer overtime compensation at

    one and one-half her regular rate of pay; as Plaintiff's

    position with Benchmark, as referenced herein, is classified

    and/or treated by Benchmark as non-exempt position, whereby

    employees occupying this position are entitled to overtime

    compensation at one and one-half their regular rate of pay

    for all hours over 40, in accordance with Connecticut and

    Federal wage and hour law.

33. These policies, practices, and procedures, include

    references in Benchmark's employment handbook that non-

    exempt salaried employees are entitled to overtime in

    accordance with the requirements of federal and state

overtime law, and references in Weinzimmer's personnel file

documents indicating that Benchmark did not intend to employ

Weinzimmer as an employee exempt from overtime compensation

under federal and state law during her employment.

34. Weinzimmer was a non-exempt employee during her employment

with Benchmark, as referenced above, and as admitted by

Benchmark.

35. During times material to this Complaint, Weinzimmer

regularly worked more than 40 hours per week for Benchmark;

which work Benchmark caused and/or allowed.

36. Benchmark breached its implied contract with Weinzimmer by

failing to pay Weinzimmer for all hours worked over 40 in a

week at a rate of one and one-half her regular hourly rate;

and in fact, tended not to compensate Weinzimmer at all for

these extra hours of work.

37. Therefore, Benchmark is liable to Weinzimmer for breaching

its implied contract to compensate Weinzimmer for all

overtime that it caused or allowed her to work over 40 hours

in a week at one and one-half her regular hourly rate; and

pursuant to Conn. Gen. Stat. sect. 37-1, for interest on

such money wrongly withheld from Weinzimmer by Benchmark.

38. Benchmark's breach of its implied contract with Weinzimmer
    was wilful, wanton, and malicious, such as to warrant an
    award of punitive damages.

39. This Court should further award post judgment interest on
    all damages as to this Count pursuant to Conn. Gen. Stat.
    sect. 37-3a.

**COUNT FOUR: (QUANTUM MERUIT AND UNJUST ENRICHMENT BY FAILING TO
PAY OVERTIME COMPENSATION AT TIME AND ONE HALF OF WEINZIMMER'S
REGULAR HOURLY RATE, AS TO BENCHMARK)**

1. Paragraph 1 to 30 of Count One is incorporated by reference
   into Count Four as paragraphs 2 through 31 of Count Four.

32. During times material to this Complaint, Benchmark caused
    and/or allowed Weinzimmer to be employed by it as an
    employee not exempt from both Connecticut and/or Federal
    law's requirements that it compensate Weinzimmer for all
    work that she performed within a week for Benchmark in
    excess of 40 hours per week at a rate of one and one-half
    her regular hourly rate for the week.

33. During weeks material to this Complaint, Benchmark was
    unjustly enriched and/or unjustly benefited, to Weinzimmer's
    detriment, when it caused and/or allowed Weinzimmer to work
    more than 40 hours in a week without compensating her at one

and one-half her regular rate of pay for the week in question for the work that she performed in excess of 40 hours per week, although its policies, practices, and procedures, and/or representations called for such payments, and/or it was legally required to make such payments by federal and state wage and hour law, given its classification of Plaintiffs' position as non-exempt from such wage and hour laws.

34. It is contrary to fairness and equity for Benchmark to retain the benefit it received from improperly compensating Weinzimmer throughout the course of her employment.

35. Thus, justice, equity, and/or good conscious requires that this Court order Benchmark, in quantum meruit, to compensate Weinzimmer to avoid the unjust enrichment to Benchmark, at the expense of Weinzimmer, by its failure to properly compensate Weinzimmer for such unpaid overtime compensation that Benchmark caused and/or allowed Weinzimmer to work.

36. Pursuant to Conn. Gen. Stat. sect. 37-1, this Court should award Weinzimmer for interest on such money wrongly withheld from Weinzimmer by Benchmark.

37. This Court should further award post judgment interest on all damages as to this Count pursuant to Conn. Gen. Stat. sect. 37-3a.

38. This Court should award Weinzimmer attorneys' fees and costs pursuant to this Count in equity, to fully compensate Weinzimmer.

39. As this Count requests equitable relief, Weinzimmer further requests that this Court award her attorneys' fees and costs.

**PRAYER FOR RELIEF:**

Wherefore, Weinzimmer prays that this Court:

a) Award her actual unpaid overtime due under Connecticut Wage and Hour Law, the Fair Labor Standard's Act, for breach of implied contract, and/or by way of quantum meruit and/or unjust enrichment;

b) Award Weinzimmer Liquidated from each Defendant in an amount equal to the overtime compensation due Weinzimmer for Defendants' bad faith, arbitrary, and/or unreasonable conduct in failing and/or causing the failure of Benchmark to compensate Weinzimmer for all hours over 40 in a week that Benchmark caused and/or allowed her to work;

c) Award Weinzimmer liquidated damages under the FLSA against each Defendant, equal to one times the amount of unpaid overtime due under the FLSA, for Defendants' violation of the FLSA overtime provisions;

d) Award Weinzimmer her attorneys' fees under Connecticut Wage and Hour Law, as Defendants' actions in with bad faith, arbitrarily, and/or unreasonably withholding overtime compensation from her;

e) Award Weinzimmer her attorneys' fees and costs under the FLSA;

f) Award Weinzimmer Attorneys' fees and costs under Count Four of her Complaint, for unjust enrichment and Quantum-Meruit, as part of the equitable relief under that count;

g) Award prejudgment interest for Defendants' failure to property compensate Weinzimmer for all overtime compensation due under Conn. Gen. stat. sects. 31-72 and 31-265, and/or 37-1;

h) Award prejudgment interest for Defendants' violation of the FLSA pursuant to Conn. Gen. Stat. sect. 37-1, and for Defendant Benchmarks' breach of implied contract and/or unjust enrichment;

i) Award post judgment interest pursuant to Conn. Gen. Stat.
   sect. 37-3a;

j) Award Weinzimmer common law punitive damages equal to her
   attorneys' fees and costs for Defendant Benchmark's
   intentional breach of its implied contract with Weinzimmer to
   pay her proper overtime compensation, as charged in Count
   Three of the Complaint.

k) Award Weinzimmer her costs for the filing of this litigation;

l) Award Weinzimmer such other legal and equitable relief as is
   just and proper.  And,

m) Grant Weinzimmer a trial by jury.

THE PLAINTIFF
LORRAINE WEINZIMMER

Attorney Daniel H. Schneider
Schneider Law Firm, LLC
Firm Juris No. 429698
120 Broad Street North
Milford, CT 06460
(203) 874-0030
Fax: (203) 878-0117
Email:
Daniel@Schneider-Law-Firm.com

A TRUE COPY
ATTEST:

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

-22-

```
RETURN DATE: MARCH 11, 2014    : SUPERIOR COURT
                               :
LORRAINE WEINZIMMER,           : JUDICIAL DISTRICT OF NEW HAVEN
        Plaintiff;             : AT  NEW HAVEN
                               :
    V.                         :
                               :
BENCHMARK ASSISTED LIVING,     :
LLC., K.N.A. BENCHMARK SENIOR  :
LIVING, LLC,                   :
                               :
LEE ANN TYBURSKI,              :
                               :
AND,                           :
                               :
TOM GRAPE.                     :
                               :
        Defendants.            :
                               : JANUARY 24, 2014
```

### STATEMENT OF AMOUNT IN DEMAND

The amount of legal interest and property in demand is more than fifteen thousand dollars ($15,000), exclusive of interests and costs.

THE PLAINTIFF
LORRAINE WEINZIMMER

Attorney Daniel H. Schneider
Schneider Law Firm, LLC
Firm Juris No. 429698
120 Broad Street North
Milford, CT 06460
(203) 874-0030
Fax: (203) 878-0117
Email:
Daniel@Schneider-Law-Firm.com

A TRUE COPY
ATTEST:

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

-23-